REDMANN, Judge.
Plaintiff appeals from the dismissal on the merits, for lack of sufficient proof, of its $6,771.05 claim for merchandise supplied to defendant for a Mardi Gras parade and ball. We conclude plaintiff is entitled to judgment for $492.79.
The board of directors of defendant authorized the purchase through plaintiff of specified quantities of specially-cast commemorative medallions of different metals and finishes. Plaintiff alleges it supplied more than the board-authorized quantities and other non-board-au'thorized items as well. Defendant asserts it did not receive all the items allegedly shipped. Plaintiff, with defendant’s then president, made changes in some of the quantities shown in the manufacturer’s invoices. The then president did not have personal knowledge of quantities actually received. Whether the then president made the quantity changes before or after resigning from defendant is not clear. His testimony was apparently less than straightforward, and the trial judge ultimately ruled against allowing plaintiff to cross-examine him as an agent of defendant (and that ruling appears correct).
Nevertheless it is shown that one member of defendant, not alignable with plaintiff, obtained some of each item in question and therefore some quantity of each *64 did come into defendant’s possession. The unclear relationship of plaintiff and defendant’s then president supports the possibility that some items may have been ordered by that president individually rather than for defendant (and perhaps sold by him to members). These items might include excess quantity of board-approved medallions as well as other items not approved by the board.
But, because the board-authorized medallions were distributed to members for their ball, a judgment dismissing plaintiff’s claim completely cannot be affirmed. (The receipt of and payment for parade medallions is not in dispute.)
The claim for non-board-authorized items could properly have been dismissed despite the then president’s apparent authority to bind defendant, because his relationship to plaintiff makes it doubtful that plaintiff relied on the appearance of authority and because ratification by defendant of unauthorized acts of the president was not shown.
However, the president did have express authority from the board for some items and did order those items, and plaintiff reasonably proved shipment of those items. If quantities were short on delivery, defendant should have produced evidence of the actual quantity delivered and it did not do so. Those board-authorized items at invoiced prices totalled (with 5% sales tax) $4,492.79.
Defendant proved by cancelled checks two $1,000 payments by itself on June 22 and November 17, 1971. Plaintiff admitted one payment of $1,000 by defendant as of November 20 (but not the June 22 payment) and a November 11, 1971 $2,000 payment “from a third party to be applied to this account.” Thus a $4,000 total must be credited against the $4,492.79.
The judgment is in part reversed and there is judgment for plaintiff for $492.79 with interest from judicial demand as prayed. Each party is to bear his own costs.